In the Matter of Loren **LOGSDON**, whose wife is Laurine Mae Logsdon, Bankrupt.

**R. G. McBROOM**, Trustee, Appellant,

v.

**ARDEN FARMS COMPANY**, Appellee.

No. 20016.

United States Court of Appeals
Ninth Circuit.

Jan. 26, 1966.

MERRILL, Circuit Judge:

In bankruptcy proceedings in the Eastern District of Washington appellee filed a petition to reclaim, from the proceeds of sale of certain fixtures, a sum representing the vendor's interest in the fixtures. An order of reclamation was entered by the referee which, on review, was affirmed by the District Court. This appeal followed.

The fixtures had been sold to the bankrupt under a conditional sales contract obligating the bankrupt for a total sum of $62,945.60, payable at the rate of $957.42 a month over a period of fifty-nine months. This contract was duly filed for record pursuant to Washington law.

A few weeks later the bankrupt became concerned over his ability to meet such high monthly payments and contacted appellee (whose customer he was) respecting refinancing. The result was that appellee acquired the vendor's interest by assignment and extended the bankrupt's payment period with payments reduced to $718.55 a month. The terms of the extension were embodied in a document entitled "Lease of Personal Property," which, as did the original conditional sale, provided for acquisition of title upon completion of the prescribed payments. The lease was not recorded.[1]

R. G. McBroom, Spokane, Wash., for appellant, trustee in bankruptcy.

Will Lorenz, Davis, Trezona, Chastek & Lorenz, Spokane, Wash., for appellee.

Before HAMLEY, MERRILL and DUNIWAY, Circuit Judges.

Appellant trustee contends that the execution of the "lease" resulted in a novation, and, since the instrument was unrecorded, relegated appellee to the position of an unsecured creditor. In support of its position appellant relies on Olympic Finance Company v. Thyret, 337 F.2d 62 (9th Cir. 1964).[2]

1. The reason for casting the extension in this form, appellee points out, is that it would be impossible for the purchaser of a vendor's interest in a conditional sales contract to execute a valid new conditional sales contract since Washington law requires that a conditional sales contract be filed within ten days of the change in possession and the goods changed possession in the instant case at the time of the original sales contract.

2. In *Olympic* the District Court after contrasting the rights and obligations under the first agreement with the rights and obligations under the second concluded that a novation had resulted. This Court, in concluding that those findings were sustained by the evidence, noted that whether or not a novation exists will depend primarily upon the facts of each case. Olympic Finance Co. v. Thyret, 337 F.2d 62, 65–66 (9th Cir. 1964).

Here the District Court found:

"The purpose of the parties in entering into the purported lease was to extend the term of the payments from five (5) years to seven (7) years and thus reduce the monthly payments to $718.55 and thus reduce the financial burden on the new business started by Loren Logsdon by enabling him to retain more cash in the business. It was neither the purpose nor the intent of the parties at any time to effect a merger or novation, or that Arden Farms Co., by executing the purported lease, was abandoning, surrendering, waiving or in any other manner relinquishing any of its rights as the owner of the Vendor's interest in the conditional sale contract. The only effect of the purported lease was to change the payment schedule."

A comparison of the lease with the conditional sale contract reveals they are substantially the same instrument and that the only effect of the lease is to reduce the monthly payments and extend the terms in which the price is to be paid. Thus, the findings of the District Court are supported by the evidence and this case is distinguished from Olympic upon its facts.[3]

The District Court concluded:

"The only legal effect of the March 31, 1959 'Lease of Personal Property' was to change the payment schedule under the Conditional Sale Contract, and did not detract from nor destroy any rights Arden Farms Co. had as successor in interest to the Vendor in the original conditional sale contract of February 23, 1959. By executing the purported lease, Arden Farms Co. was not abandoning, surrendering, waiving or in any other manner relinquishing any of its rights as the owner of the Vendor's interest, nor were the two instruments in question merged in the purported lease, nor was there a novation. The legal relationship of Arden Farms Co. and Loren Logsdon at all times was that of Vendor and purchaser under a conditional sale contract, and neither the purported lease nor the conduct of said parties ever converted said conditional sale to an absolute sale with title passing to Loren Logsdon or his estate in bankruptcy."

We agree.

Affirmed.

---

3. Appellant also relies on Diamond National Corp. v. Lee, 333 F.2d 517 (9th Cir. 1964). But that case involved a chattel mortgage and questions of Idaho law which make it inapplicable in the present situation.